Slip Op. 07-77

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MARK T. ANDERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. SECRETARY OF AGRICULTURE,<br><br>                    Defendant. | **Before: Gregory W. Carman**, Judge<br><br>Court No. 05-00267 |

[Plaintiff's motion for judgment on the agency record is denied.  Judgment for Defendant.]


   Mark T. Anderson, Plaintiff, pro se.

   Peter D. Keisler, Assistant Attorney General; Jeanne Davidson, Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch (Mark T. Pittman), for Defendant

   Jeffrey Kahn, Office of the General Counsel, International Affairs & Commodity Programs Division, U.S. Department of Agriculture, of counsel, for Defendant.

May 16, 2007

**OPINION**

   **Carman, Judge:**    This matter is before this Court on a motion for judgment on the agency record[1] filed by Plaintiff, Mark T. Anderson, and subsequent to a voluntary remand requested by Defendant, the U.S. Secretary of Agriculture ("Defendant" or "USDA").  After considering all the briefs and other papers filed in this matter and for the reasons that follow, this

---

   [1]Although this Court gave Mr. Anderson–a pro se plaintiff–latitude in the filing of his court papers, he–unaided by counsel–did an admirable job of prosecuting his claim. Additionally, the Court expresses its gratitude to the government counsel for their willingness to help guide Mr. Anderson through the litigation process.

Court holds that the USDA's findings of fact with regard to this matter are supported by substantial evidence on the record and that the USDA's legal conclusions are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, the USDA's negative remand determination is affirmed.

## BACKGROUND

This Court's prior opinion in this matter, ruling on Defendant's motion to recaption the case, contains a thorough recitation of the facts. See Anderson v. U.S. Sec'y of Agric., 30 CIT __, 441 F. Supp. 2d 1379 (2006) ("Anderson I").[2] This opinion includes only those facts relevant to deciding the motion for judgment on the agency record.

On September 15, 2003, the USDA Foreign Agricultural Service ("FAS") accepted petitions for Trade Adjustment Assistance ("TAA") from groups representing salmon fishermen from Alaska, Washington, and Oregon. Trade Adjustment Assistance for Farmers, 68 Fed. Reg. 53,957 (Dep't Agric. Sept. 15, 2003) (notice of accepted petitions for TAA). On November 6, 2003, the FAS certified the petitions of the Alaska and Washington salmon fisherman. Trade Adjustment Assistance for Farmers, 68 Fed. Reg. 62,766 (Dep't Agric. Nov. 6, 2003) (notice of certified petitions for TAA). The latter Federal Register notice advised that "[s]almon fishermen holding permits and licenses in the states of Alaska and Washington are now eligible to apply for [TAA] program benefits." Id. The deadline to apply for benefits was January 20, 2004. Id.

---

[2] In Anderson I, Defendant asserted that Mr. Anderson was not the correct party plaintiff in this matter. This Court rejected Defendant's claims and held that–based upon the administrative record before it–Mr. Anderson had applied for TAA benefits as an individual and, therefore, was the correct party plaintiff. Anderson I, 441 F. Supp. 2d at 1386.

Anderson v. U. S. Sec'y of Agric.                                                               Page 3
Court No. 05-00267

On January 16, 2004,[3] Plaintiff applied to his local Farm Service Agency ("FSA") for TAA benefits. (Admin. R. at 1.) On April 26, 2004, the FSA sent Plaintiff a "Final Notice" requesting additional documentation in support of Plaintiff's TAA benefits claim. (Admin. R. at 13.) The Final Notice includes a handwritten note that states

> If you are applying under your corp[oration] only[,] then I will need the page from your 1120S tax return[,] which shows the income is from fishing. If you are applying under your name[,] then we will need the schedule C from your 1040 tax return.

(Id.) The Administrative Record contains Internal Revenue Service ("IRS") Form 1120S for St. Patrick, Inc.[4] ("St. Patrick") and the Form 1120S Schedule K-1 (Shareholder's Share of Income, Credits, Deductions, etc.) for tax years 2001 and 2002. (Admin. R. at 7-12.)

Thereafter, Plaintiff received a denial letter from the FSA informing him that the FSA disapproved his 2002 application for a TAA cash benefit. (Admin. R. at 23.) The letter states that "[y]ou have been denied a TAA cash benefit because your 2002 net fishing income did not decline from the latest year in which no adjustment assistance payment was received (2001)." (Id.) The letter also advised that the denial of TAA cash benefit was appealable to this court.

On March 8, 2005, Plaintiff filed a letter complaint with this court requesting review of the FSA denial of his application for TAA benefits. Defendant filed its Answer on May 31,

---

[3]In fact, Plaintiff's application for TAA (Admin. R. at 1) is dated January 16, 2002. However, it appears that the 2002 date is incorrect. In Anderson I, this Court did not realize this error and incorrectly stated that Plaintiff filed his TAA application on January 16, 2002.

[4]St. Patrick, Inc. is a subchapter S corporation operated by Plaintiff. (See Admin. R. at 8.)

2005. On November 30, 2005, Plaintiff filed his letter motion for judgment on the agency record, which motion is now before this Court.

### PARTIES' CONTENTIONS

A. <u>Plaintiff's Contentions</u>

Plaintiff reports that the USDA denied his application for TAA benefits because his "net fishing income did not decline in 2002." (R. 56.1 Br. 1 (quotation omitted).) However, Plaintiff posits that the USDA did not correctly interpret the financial documentation[5] he provided in conjunction with his application for TAA benefits. Plaintiff argues that the USDA is obligated to base its TAA benefits determination only on "income from pacific salmon fishing." (<u>Id.</u>) Although he admits that his "ordinary income" increased between 2001 and 2002, Plaintiff explains that the increase in his "ordinary income" is the result of the sale of his fishing vessel. (<u>Id.</u> at 2.) Plaintiff submits that had he not sold the vessel, he would have suffered a substantial loss in 2002. (<u>Id.</u> ("that sale went to cover my loss from declining fishing income").) Plaintiff asserts that it was improper for the USDA to look only to the increase in his ordinary income to determine his eligibility for TAA benefits. Instead, Plaintiff indicates that the more relevant comparison is his gross receipts, which declined more than forty-five percent (45%) between 2001 and 2002. (<u>Id.</u>)

---

[5] The financial documents that Plaintiff references in his submissions are those for the Subchapter S corporation St. Patrick. Due to the sensitive nature of the financial information, this Court refrains from providing specific figures, as such are not relevant to the determination in this case.

In response to the USDA's remand results, Plaintiff explains that he "talked at length about [his] personal [income tax] returns" with a USDA representative.  (Letter from Mark T. Anderson to the Court 1 (Feb. 14, 2007) (Ct. R. Doc. 40).)  During this conversation, Plaintiff states that he told the USDA representative that he–Plaintiff–"would be happy to send him copies of my personal returns but that they contained no information regarding my net fishing income as that was all reported on the corporate tax return of St. Patrick Inc. which he already had."  (Id.)  Plaintiff reports that the USDA representative informed Plaintiff that the agency was "limited . . . to only using documents that pertained to [Plaintiff] as an individual and therefore [Plaintiff's] corporate returns could not be used."  (Id.)  Plaintiff argues that the record evidence–corporate tax returns, fishing delivery records, and a letter from his accountant–all establish that Plaintiff suffered a net decrease in fishing income between 2001 and 2002.  (Id.)

In addition, Plaintiff identifies inconsistencies in the vernacular the USDA uses in a single paragraph of its negative remand determination: "net income," "net fishing income," and "net profit or loss."  (Id. at 2.)  Plaintiff asserts that "there are important distinctions to be made between net income which [Plaintiff] believes to be total income and net fishing income which, as simple as it sounds, is income derived from fishing."  (Id.)  Plaintiff adds that the USDA has in its possession–but refuses to review–"[a]ll the information necessary to determine net profit or loss, income from sales and total expenses."  (Id.)  Accordingly, Plaintiff requests that this Court remand to the USDA for further review.  (Id. at 1.)

B.　　　Defendant's Contentions

On December 5, 2006, the USDA issued its negative remand determination. As the basis for its negative remand determination, the USDA states that the documentation Plaintiff submitted to substantiate his decline in net fishing income "only pertains to St. Patrick, Inc., which is not the applicant in this case." (Recons. upon Remand of the Application of Mark T. Anderson ("Remand") 2.) The USDA added that

> [b]ecause Mr. Anderson only provided corporate tax returns for St. Patrick Inc., and a letter from his certified public accountant with respect to corporate income, and did not submit any individual tax documentation for himself, the agency does not have any documentation on the basis of which to make the determination whether there had been a decline in Mr. Anderson's individual net fishing income.

(Id. at 3.)

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 19 U.S.C. § 2395(c) (Supp. III 2003).

## STANDARD OF REVIEW

This Court may affirm USDA's action or set it aside, in whole or in part. 19 U.S.C. § 2395(c). In addition, this Court may remand the case to The USDA when good cause is shown. 19 U.S.C. § 2395(b). As explained below, the Court applies a split standard of review to questions of fact and questions of law.

<u>Anderson v. U. S. Sec'y of Agric.</u>                                                      Page 7
Court No. 05-00267

A.     <u>Questions of Fact</u>

The court must accept the findings of fact made by The USDA as conclusive if they are supported by substantial evidence.  19 U.S.C. § 2395(b).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938).  "As long as the agency's methodology and procedures are reasonable means of effectuating the statutory purpose, and there is substantial evidence in the record supporting the agency's conclusions, the court will not impose its own views as to the sufficiency of the agency's investigation or question the agency's methodology."  <u>Ceramica Regiomontana, S.A. v. United States</u>, 10 CIT 399, 404-05, 636 F. Supp. 961 (1986) (<u>citing</u> <u>Chevron U.S.A. Inc. v Natural Res. Def. Council</u>, 467 U.S. 837, 843 (1984)), <u>aff'd</u>, 810 F.2d 1137 (Fed. Cir. 1987).

B.     <u>Questions of Law</u>

Because the TAA statute is silent on judicial review of The USDA's decisions on questions of law, the court looks to the Administrative Procedure Act ("APA").  The APA directs the court to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  5 U.S.C. § 706 (2000).  In conducting its review, the court must

> hold unlawful and set aside agency action, findings, and conclusions found to be–
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

>(D) without observance of procedure required by law;
>(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2)(A)-(F). In reviewing this matter, this Court applies the residual standard of review found in subsection A.[6] See In re Robert J. Gartside, 203 F.3d 1305, 1312 (Fed. Cir. 2000) ("courts have recognized that the 'arbitrary, capricious' standard is one of default").

Courts have deemed the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard the most deferential. Id. ("this standard is generally considered to be the most deferential of the APA standards of review"). "[T]he 'touchstone' of the 'arbitrary, capricious' standard is rationality." Id. (quoting Hyundai Elecs. Indus. Co., Ltd., v. U.S. Int'l Trade Comm'n, 899 F.2d 1204, 1209 (Fed. Cir. 1990)). To be sustained, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (quotation & citation omitted). Thus, if this Court finds that the USDA provided a cogent explanation for its decision, this Court will affirm that decision. See id. at 48.

---

[6] See Anderson I, 441 F. Supp. 2d at 1384-85, for a discussion of the APA's separate standards of review.

## DISCUSSION

Because the USDA's findings of fact are supported by substantial evidence on the record, and the findings of law were not arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law, this Court affirms the USDA's determination denying Plaintiff's application for TAA benefits.

**I.      Plaintiff did not provide the USDA with evidence of his individual net loss in fishing income.**

To be eligible for TAA benefits, an applicant must establish that his "net farm income (as determined by the Secretary) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer." 19 U.S.C. § 2401e(a)(1)(C) (Supp. II 2002). When promulgating the regulations for this statute, the Secretary of Agriculture specified that the statute "applies not only to farmers but also to certain fishermen. In particular, the regulations make statutory benefits available to domestic fishermen whose catch competes directly with imported aquaculture products and who are adversely affected by those imports." Steen v. United States, 468 F.3d 1357, 1359 (Fed. Cir. 2006). The regulations require that the applicant for TAA benefits certify that his "net farm or fishing income for the most recent tax year was less than that during the producer's pre-adjustment year." 7 C.F.R. § 1580.301(e)(4) (2004) (emphasis added). The regulations in effect when Plaintiff filed his application defined "net fishing income" as the

> net profit or loss, excluding payments under this part, reported on Internal Revenue Service Schedules C or C-EZ (Form 1040) for individuals or taxable income, excluding payments under this part, reported on Form 1120 for

Case 1:05-cv-00267-GWC   Document 41-2   Filed 05/16/07   Page 10 of 16

Anderson v. U. S. Sec'y of Agric.                                                                Page 10
Court No. 05-00267

>    corporations during the tax year that most closely corresponds with the marketing
>    year under consideration.

7 C.F. R. § 1580.102 (2004).[7]

Plaintiff did not submit any personal income tax records in connection with his application for TAA benefits, although the record indicates that the USDA requested such. (See Admin. R. at 13.) Rather, to support his application for TAA benefits, Plaintiff submitted IRS Forms 1120S for St. Patrick for tax years 2001 and 2002. These forms unmistakably demonstrate that St. Patrick's ordinary income increased between 2001 and 2002.

In Anderson I, this Court ruled–based on the record before it–that Mr. Anderson was the correct party plaintiff. In response to Anderson I, the USDA requested and this Court granted voluntary remand "to conduct a further review and make a redetermination as to whether plaintiff is eligible for TAA cash benefits." (Mot. for Voluntary Remand 2.) During the remand, the USDA reopened the administrative record and requested documentation from Mr. Anderson to substantiate that his net fishing income for 2002, the year for which benefits were applied, was less than his net fishing income for 2001, the pre-adjustment year. (Nonconfidential Supplement to the List of Docs. Constituting the Admin. R. ("Suppl. Admin. R.") at 1.) The USDA advised Plaintiff that "[a]cceptable documentation" to evidence his decline in net fishing income "includes supporting documentation from a certified public accountant or attorney, or relevant documentation and other supporting financial data, such as financial statements, balance sheets,

---

[7]The USDA subsequently amended this definition to omit the reference to Schedule C. Because Plaintiff's application for benefits and the USDA's decision with regard to his application were completed prior to the regulation's revision, this Court will apply the earlier version of the regulation. See Steen, 468 F.3d at 1359-60

and reports prepared for or provided to the Internal Revenue Service or another U.S. Government agency." (Id.) In response to this request, Plaintiff submitted a letter from his accountant explaining Plaintiff's calculation of net fishing income in 2001 and 2002 and income statements from Plaintiff's salmon processor indicating a decline between 2001 and 2002 in Plaintiff's gross income from salmon sales. (Id. at 3-8.)

Subsequent to the receipt of Plaintiff's supplemental submission, the USDA again contacted Plaintiff to advise him that the agency was "still unable to make a determination with respect to [his] eligibility." (Id. at 11.) In this correspondence, the USDA specifically requested Plaintiff's "individual tax returns filed with the Internal Revenue Service for 2001 and 2002, or supporting documentation from your certified public accountant or attorney prepared for or provided to the Internal Revenue Service with respect to your individual returns." (Id. (emphasis added).) Still, Plaintiff failed to submit the requested documentation within the time frame the USDA allowed. When a USDA representative contacted Plaintiff by telephone concerning the outstanding request, Mr. Anderson indicated that he had already submitted documentation–that for St. Patrick–evidencing his decline in fishing income between 2001 and 2002. (Id. at 12; Letter from Mark T. Anderson to the Court 1.) When Plaintiff had failed to submit the requested documentation by November 30, 2006, the USDA sent a final letter to Plaintiff confirming that it had not yet received the requested documents (Suppl. Admin. R. at 12) and later issued the negative remand determination.

The USDA regulation is clear that "net fishing income" is "net profit or loss, excluding payments under this part, reported on Internal Revenue Service Schedules C or C-EZ (Form

1040) for individuals." 7 C.F. R. § 1580.102. Although Plaintiff is the sole owner of St. Patrick (see Admin. R. at 8, 10), Plaintiff filed his application for TAA benefits as an individual, not on behalf of the corporate entity St. Patrick. Thus, Plaintiff was obligated to provide the USDA with evidence that he suffered an individual net loss in fishing income in support of his claim for TAA benefits.

This Court finds that the USDA provided Plaintiff ample opportunity to submit individual tax returns or other documentation to support his individual claim for TAA benefits. Having failed to substantiate his individual claim after being given reasonable opportunity to do so, this Court holds that the USDA's findings of fact with regard to this matter are supported by substantial evidence on the record and that the USDA's legal conclusions are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, this Court affirms the USDA's remand determination denying Plaintiff TAA benefits.

**II.     Even if Plaintiff could substitute St. Patrick's financial information for his individual claim, the corporate documents do not reflect a net loss in fishing income.**

Plaintiff argues that the administrative record, which consists only of financial records for St. Patrick, supports his individual claim for TAA benefits.[8] This Court rejects Plaintiff's

---

[8] For instance, Plaintiff provided the USDA–in his supplemental submission to the agency–a letter from his accountant. Although supported only by figures from St. Patrick's income tax returns, the accountant's letter is couched in terms of Plaintiff's decline in net fishing income between 2001 and 2002. (Suppl. Admin. R. at 4 ("My client, Mark T. Anderson, experienced a decline in his net fishing income from 2001 to 2002;" ". . . Mark incurred a loss from fishing . . . .")

argument because St. Patrick's net fishing income–as defined by the USDA–increased between 2001 and 2002.

For corporations, the USDA regulations define "net fishing income" as the "<u>taxable income</u>, excluding payments under this part, reported on Form 1120 for corporations during the tax year that most closely corresponds with the marketing year under consideration." 7 C.F. R. § 1580.102 (emphasis added). In fact, St. Patrick's tax returns evidence an increase in ordinary income between 2001 and 2002. While the Court acknowledges Plaintiff's assertion that this increase in income is due to the sale of his fishing boat, the source of the increase is irrelevant.

The Court of Appeals for the Federal Circuit recently explained the purpose of limitations on TAA benefits:

> Limiting statutory benefits to affected producers who experience a reduction in their "net farm income" . . . ensures that persons who do not suffer an <u>overall</u> loss in their farming (or fishing) income are not eligible for cash benefits under the adjustment assistance program. It is unsurprising that Congress would elect to provide cash benefits only to persons whose <u>overall</u> financial well-being has suffered as a result of import competition . . . . Moreover, one of Congress's purposes in enacting the adjustment assistance statute was to enable persons potentially affected by import competition to adjust their production so as to avoid the impact of the competing imported goods. <u>Because persons whose net income has risen may be said to have successfully adjusted to the competition from imports, there is no reason to suppose that Congress would want them to share in the cash benefits afforded under the statutory program</u>. . . . Responding to concerns that diversified producers would be disqualified if their net earnings increased due to income from other commodities, the [USDA] explained that such a result was consistent with the purpose of the statute, which was "to assist producers to adjust to imports by providing technical assistance to all and cash payments to those facing economic hardship."

Steen, 468 F.3d at 1362 (citations omitted) (emphasis added). The Steen court added that while all members of a certified group merit some type of assistance "only a subset are deserving of monetary benefits." Id.

Given that Plaintiff's "overall financial well-being," id., did not suffer, during the relevant period (2001 to 2002), this Court must determine that Plaintiff was one of those affected producers who adjusted his "production so as to avoid the impact of the competing imported goods." Id. Certainly, it is unfortunate that Plaintiff felt compelled to sell his fishing vessel; however, Plaintiff is not among the affected producers who qualify for monetary benefits.

### CONCLUSION

For the reasons stated herein, this Court affirms the USDA's denial of Plaintiff's application for TAA benefits. Judgment will enter accordingly.

                                                                          /s/ Gregory W. Carman
                                                                             Gregory W. Carman

Dated: May 16, 2007
        New York, New York

Slip Op. 07-77

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MARK T. ANDERSON,<br><br>                            Plaintiff,<br><br>v.<br><br>U.S. SECRETARY OF AGRICULTURE,<br><br>                            Defendant. | **Before: Gregory W. Carman, Judge**<br><br>Court No. 05-00267 |

## JUDGMENT

      This case having been submitted for decision and this Court, after due deliberation, having rendered a decision herein; it is hereby

      ORDERED that judgment is entered for Defendant; and it is further

      ORDERED that the United States Department of Agriculture's remand determination in this matter is affirmed.

                                                           /s/ Gregory W. Carman  
                                                               Gregory W. Carman

Dated: May 16, 2007
          New York, New York

## NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____   By: _____
                                                                            Deputy Clerk